UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

SARAH MUHAMMAD ALBURAKEH,

         Plaintiff,

   -v-

JOHN ARMSTRONG and BRIAN HEATH,

         Defendants.

25 Civ. 2700 (PAE)

OPINION & ORDER

------

PAUL A. ENGELMAYER, District Judge:

  Plaintiff Sarah Muhammad Alburakeh seeks a writ of mandamus to compel defendants[1] (collectively, the "State Department") to adjudicate the visa application of her husband, Milad Alshomary. Dkt. 1 ("Complaint" or "Compl."). She alleges that the State Department unlawfully delayed the adjudication of Alshomary's visa application, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 *et seq.* and the Mandamus Act, 28 U.S.C. § 1361. Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

  The issues presented are familiar. Last year, this Court, drawing on Supreme Court and Second Circuit authority, granted the State Department's motion to dismiss in a case on all fours with this. *See Rashed v. Blinken*, No. 24 Civ. 964 (PAE), 2024 WL 4904701, at *1 (S.D.N.Y. Nov. 27, 2024). Weeks before *Rashed*, the Court had similarly dismissed a parallel case. *See Esghai v. U.S. Dep't of State*, No. 24 Civ. 2993 (PAE), 2024 WL 4753799, at *1 (S.D.N.Y. Nov. 12, 2024). At the initial conference in this case, Alburakeh's counsel acknowledged that

------

[1] Alburakeh names as defendants Brian Heath, Consul General of the U.S. Consulate of Frankfurt, and John Armstrong, Senior Bureau Official in the U.S. Consulate of Frankfurt.

1

*Rashed* is indistinguishable here. For much the same reasons as in *Rashed*, the Court grants the State Department's motion to dismiss.

## I. Background

### A. Statutory and Regulatory Framework

Visa eligibility requirements are governed by federal law. *See* 8 U.S.C. §§ 1182 *et seq.* To obtain a visa, the noncitizen must fall within one of a limited number of categories. *See id.* § 1151(a)–(b). Relevant here, family-sponsored visas may be issued based on the noncitizen's relationship with a U.S. citizen. *See id.* §§ 1153(a)(1)–(4), 1154(a)(1); 8 C.F.R. § 204.1(a)(1).

Congress has established a two-step process to obtain a visa for noncitizens who, like Alshomary, are immediate relatives of a U.S. citizen and are applying from abroad. First, the U.S. citizen must file a Form I-130 petition with the United States Citizenship and Immigration Services ("USCIS") that seeks to classify her noncitizen relative as an "immediate relative." 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A). The noncitizen is entitled to apply for a visa only after USCIS has approved the I-130 petition. *See id.* §§ 1201(a), 1202(a). Second, once USCIS transmits the approved petition to the State Department's National Visa Center ("NVC") for processing, *see id.*, the noncitizen bears the burden to then prove his eligibility, *id.* § 1361. If the NVC finds that the noncitizen has submitted the requisite written materials, paid fees, and provided documentation, it transfers his file to an embassy or consulate abroad. *See id.* § 1153.

After the noncitizen's file is transferred to an embassy or consulate, the noncitizen must appear for an in-person interview with a consular officer. *See* 22 C.F.R. § 42.62. At that interview, the consular officer—by regulation—"must" make the binary decision to either "issue" or "refuse" the visa. 9 Foreign Affairs Manual ("FAM") § 504.1-3(g) ("Once an application has been executed, [the consular officer] must either issue the visa or refuse it."); 22

C.F.R. § 42.81(a). Consular officers "cannot temporarily refuse, suspend, or hold the visa for future action" at the close of the consular interview. 9 FAM § 504.1-3(g); *id.* § 504.9-2; *see also Esghai*, 2024 WL 4753799, at *4–6 (decision to grant or refuse a visa after consular interview presents a binary choice); *Alharbi v. Miller*, 368 F. Supp. 3d 527, 557–59 (E.D.N.Y. 2019) (same). Critically here, if the visa is refused, reconsideration is a possibility, but not a mandatory obligation. *See* 9 FAM § 504.1-3(i)(1) (the "requirement to find an applicant ineligible when a visa is not issued applies even when" more information might show the applicant to be eligible); *see also id.* ("There is no such thing as an informal refusal or a pending case once a formal application has been made."); 22 C.F.R. § 42.81(a)–(e).

### B.    Facts

Alburakeh is a citizen of the United States. Compl. ¶ 1. On November 27, 2016, she and Milad Alshomary, a Syrian citizen, were married in Swaileh, Jordan. *Id.* ¶¶ 12–13; Dkt. 1-1 at 6.

On July 25, 2022, Alburakeh filed an I-130 petition with USCIS seeking to classify her husband as an immediate relative. Compl. ¶ 14. On June 29, 2023, USCIS approved the petition and transferred it to the NVC, *id.* ¶ 15, where Alshomary submitted additional documents and made necessary payments by April 22, 2024. *Id.* ¶ 17; Dkt. 1-1 at 16.

On May 10, 2024, Alshomary's application was transferred to the U.S. Consulate in Frankfurt, Germany for an interview with a consular officer. *Id.*; Compl. ¶ 19. The interview took place at 8:30 a.m. on September 13, 2024. Dkt. 1-1 at 19. At the close of the interview, the consular officer refused Alshomary's application pursuant to § 221(g) of the Immigration and Nationality Act, and no visa was issued. Compl. ¶ 20. The consular officer then placed the visa application into "administrative processing." Dkt. 1-1 at 29. Alshomary was advised to supplement his application with additional information, including (1) an original German "police

certificate," verifying the absence of any criminal history; (2) a copy of his curriculum vitae; (3) a complete list of his publications; and (4) a list, with dates, of countries he visited in the last 10 years. Compl. ¶ 20; Dkt. 1-1 at 23–24. Alburakeh alleges that Alshomary complied with each category of requests. Compl. ¶ 22; Dkt. 1-1 at 25.

As of the filing of the Complaint, more than one year after the interview, the State Department has not further acted on Alshomary's visa application. Compl. ¶¶ 22–24.

### C.     Procedural History

On April 1, 2025, Alburakeh brought this action seeking a writ of mandamus. Compl. She alleges unlawful delay by the State Department in rendering a "final decision" on Alshomary's visa application. *Id.* ¶ 22. She seeks injunctive relief under the APA and the Mandamus Act. *See id.* ¶¶ 23–49.

On August 7, 2025, the State Department filed a motion to dismiss pursuant to Rule 12(b)(6), Dkt. 13, a supporting memorandum of law, Dkt. 15 ("Br."), and declaration, Dkt. 14 ("Peterson Decl."). On August 11, 2025, the Court ordered Alburakeh to file any amended complaint or opposition by August 28, 2025. Dkt. 16. On August 28, 2025, Alburakeh timely filed a memorandum of law in opposition to the State Department's motion to dismiss. Dkt. 17 ("Opp'n."). On September 11, 2025, the State Department filed a reply. Dkt. 18 ("Reply"). On October 21, 2025, the Court held an initial conference. Dkt. 21.

## II.     Discussion

As this Court reviewed in *Rashed*, under binding precedent from the Supreme Court and the Second Circuit, a court can compel legally required agency action under the APA only where it is ministerial or non-discretionary. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (section 706(1) empowers a court to compel an agency "to perform a ministerial or non-discretionary act"); *Benzman v. Whitman*, 523 F.3d 119, 130 (2d Cir. 2008) (same); *Neurological*

4

*Surgery Prac. of Long Island, PLLC v. U.S. Dep't of Health & Hum. Servs.*, 145 F.4th 212, 228–29 (2d Cir. 2025) ("[W]hen an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be."). *Rashed* drew on precedent from the Supreme Court and the Circuit to hold that where a State Department officer refuses a visa application, that decision is final. *See United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950) ("[T]he decision to admit or exclude an alien . . . . is final and conclusive."); *Bennett v. Spear*, 520 U.S. 154, 177–178 (1997) (identifying conditions under which agency decision is final); *FTC v. Standard Oil of Cal.*, 449 U.S. 232, 239 (1980). The Court's holding accorded with a long line of decisions. *See, e.g.*, *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024) (finding no justiciable claim following denial of visa for noncitizen spouse of U.S. citizen); *Burrafato v. U.S. Dep't of State*, 523 F.2d 554, 555–56 (2d Cir. 1975) (same); *Rivera de Gomez v. Kissinger*, 534 F.2d 518, 518–19 (2d Cir. 1976) (per curiam) (same).

For the same reasons stated in *Rashed*, whose reasoning is incorporated by reference, the Court grants the State Department's motion to dismiss. *See* 2024 WL 4904701, at *2. In brief:

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint and draw

5

all inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Alburakeh's argument is that the State Department has unlawfully delayed a "final decision" on her husband's visa application, when, after refusing the application at the close of the consular interview, it placed the application in administrative processing. Compl. ¶ 22. She seeks an order compelling the State Department to issue a final decision. *Id.* at 9. The State Department counters that it already acted upon the application by refusing it at the close of the consular interview. It argues that it does not owe—and that its invitation to Alshomary to supplement his application does not give rise to—an enforceable duty under section 706(1). *See* Br. at 13–15; Reply at 5–7.

The APA authorizes courts to "compel agency action unlawfully withheld." 5 U.S.C. § 706(1). But the "only agency action that can be compelled under the APA is action legally required." *Norton*, 542 U.S. at 63; *see also Benzman*, 523 F.3d at 130 ("[L]ike the power to grant writs of mandamus, § 706(1) empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act.") (cleaned up).

Here, Alburakeh has failed to identify "any legally required, discrete action that the State Department has failed to perform." *Rashed*, 2024 WL 4904701, at *4 (quoting *Esghai*, 2024 WL 4753799, at *4). There is, undeniably, intuitive appeal to Alburakeh's argument that finality has not been attained when a consular officer who refuses a visa application thereupon places the applicant in administrative processing and invites supplementation to the application. Compl.

6

¶¶ 22, 27–28; *see Rashed*, 2024 WL 4904701, at *4.  But "[t]he 'core question' for determining finality is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008) (cleaned up).  Here, there is no doubt that the State Department "completed" its "process." *Id.*  By law, a consular officer's decision after an application interview is binary—if a visa is not "issue[d]," it is by-definition "refuse[d]." *See* 22 C.F.R. § 42.81(a) (citing 8 U.S.C. § 1201(g)); *accord Rashed*, 2024 WL 4904701, at *4.  At that point, a consular officer legally "cannot temporarily refuse, suspend, or hold the visa for future action." 9 FAM § 504.1-3(g); *see also id.* § 504.1-3(i)(1) (any applicant "to whom a visa is not issued by the end of the working day on which the application is made, or by the end of the next working day . . . must be found ineligible"), *id.* § 504.1-3(i) ("There is no such thing as an informal refusal or a pending case once a formal application has been made.").[2]  And such a decision has indisputably affected the parties in this case.  Alburakeh does not contest that Alshomary was not issued a visa after his interview, Compl. ¶¶ 19–21, or that he presently lacks permission to enter the United States, Dkt. 1-1 at 29, consistent with his application being "refuse[d]" under 22 C.F.R. § 42.81, Peterson Decl. ¶¶ 8–12.

---

[2] Alburakeh contends that "[a] refusal on a visa case is not the final action that can be taken—a refused visa can later be approved or denied." Opp'n. at 8.  Although the refusal of visa *can* be revisited and a visa issued thereafter, that discretionary act does not give rise to a legally enforceable duty. *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181–82 (2d Cir. 1978); *Muñoz*, 602 U.S. at 907–08.  Indeed, courts in this Circuit have routinely declined to intervene in the "visa-issuing process" even where the immigration agency has not yet acted at all on the application at issue. *Abdo v. Tillerson*, No. 17 Civ. 7519, 2019 WL 464819, at *2–3 (S.D.N.Y. Feb. 5, 2019) (quoting *Hsieh*, 569 F.2d at 1181); *see Al Naham v. U.S. Dep't of State*, No. 14 Civ. 9974, 2015 WL 3457448 at *3 (S.D.N.Y. June 1, 2015); *Foad v. Holder*, 13 Civ. 6049, 2015 WL 1540522, at *3 (E.D.N.Y. Apr. 7, 2015); *Saleh v. Holder*, 84 F. Supp. 3d 135, 138 (E.D.N.Y. 2014); *Li v. Chertoff*, No. 6 Civ. 13679, 2007 WL 541974, at *1 (S.D.N.Y. Feb. 16, 2007); *Dong v. Ridge*, No. 2 Civ. 7178, 2005 WL 1994090, at *3 (S.D.N.Y. Aug. 18, 2005).

Under settled case law, therefore, the Court cannot compel further action beyond this "final decision." *Rashed*, 2024 WL 4904701, at *4; *Esghai*, 2024 WL 4753799, at *5 ("An application refused and placed in administrative processing is officially refused." (cleaned up)), *id.* at *6 (holding that APA claim failed because "the State Department *has* taken action here: it refused [the visa] application, and there is no legal basis for [plaintiff's] bid to compel further action on the already-refused application."). The action of a State Department officer "to admit or to exclude an alien" "is final and conclusive." *Muñoz*, 602 U.S. at 908 (cleaned up).

As a result, Alburakeh's APA claim fails. That, in turn, requires dismissal of her claim under the Mandamus Act. *See* 28 U.S.C. § 1361 (a district court may "compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff."). That is because, where, as here, "mandamus relief is duplicative of an APA claim, it must be dismissed." *Esghai*, 2024 WL 4753799, at *7 (collecting cases).

## CONCLUSION

For the foregoing reasons, the Court grants the State Department's motion to dismiss under Rule 12(b)(6). The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 1, 2025
      New York, New York